UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICARDO TOWNSEND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-00337-JMS-MJD |
| | ) | |
| JEFFREY KRUEGER Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Ricardo Townsend, Reg. No. 08785-030, is confined in this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His petition for writ of habeas corpus is **denied.**

**A. Background**

In ruling on Townsend's motion under 28 U.S.C. § 2255, District Court Judge John A. Jarvey of the S.D. of Iowa stated:

> On August 13, 2008, the petitioner was charged with conspiring to distribute at least fifty grams of crack cocaine between September 2005 and January 2008 in Johnson County in the Southern District of Iowa. *United States v. Ricardo Townsend*, 3:08cr0069 (S.D. Iowa). On September 18, 2008, attorney Matthew Leddin was appointed to represent the petitioner. After granting three continuances at the request of the petitioner, the case went to trial on February 23, 2009. On February 25, 2009, the jury returned a verdict finding the petitioner guilty of the conspiracy and, more specifically, finding that the conspiracy involved fifty grams or more of crack cocaine. At trial, the government presented twelve witnesses, ten of whom were persons cooperating with the United States and most of them were cooperating in hopes of receiving a substantial sentence reduction.
>
> The testimony at trial showed that the petitioner came to the North Liberty/Iowa City area in 2005 to sell drugs. He and others formed a group called "Ground Zero". They would travel between Johnson County and Chicago, securing crack cocaine in Chicago and selling it in Johnson County. They would purchase large amounts of crack cocaine at a time in Chicago, usually 63 ounces or more.

> Some of the witnesses such as Prince Ferguson were relatively equal in culpability to the petitioner. Others like Daniel Davis and Benjamin Boyd were very low level dealers purchasing drugs to support crack cocaine addictions. The witnesses presented a compelling case against the petitioner.
> 
> Petitioner was sentenced on July 1, 2009. Because the jury found that he conspired to distribute in excess of fifty grams of crack cocaine and because the petitioner had at least two prior felony drug convictions, he received a mandatory minimum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). He appealed, claiming that the evidence was insufficient to convict him. His appeal was denied on March 30, 2010 and the mandate was issued April 29, 2010.

*Townsend v. United States,* 4:11-cv-155-JAJ (S.D. Iowa Aug. 8, 2011) (dkt 4, procedural history).

### B. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Townsend, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a

> statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy."

Townsend argues that he is entitled to relief because his conviction was in violation of the double jeopardy clause and the indictment was amended during the course of the trial. Both of these issues could have been raised during direct appeal or in Townsend's motion pursuant to 28 U.S.C. § 2255. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Townsend had that opportunity and used it. He is not entitled to more.

### C. Conclusion

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained in this Entry, this is an appropriate case for such a disposition. Townsend has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/27/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RICARDO TOWNSEND
08785-030
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808